### KENNEDY *versus* MEADOR.

The declarations of a party can not be given in evidence at his own instance, unless they form a part of the *res gestœ*.

The opinion of the Court, in this case, shows all the points arising in its decision.

COLLIER, J.—The questions of law, arising in this case, are presented by the bill of exceptions, from which it appears that the defendant in error read to the jury, against the consent of the plaintiff, a deposition, in which a knowledge of several of the facts stated are derived by the witness from third persons. It further appears, that the defendant gave in evidence, declarations of himself and one Roaney, that they were not co-partners at the time the claim on which this suit is founded, originated, and this notwithstanding an objection by the plaintiff's counsel.

We understand by the waiver of the plaintiff's counsel, at the foot of the record, that all objection, as to the regularity of taking the depositions, is waived, and will therefore consider only such objections as are intrinsic.

The deposition, in some of its parts, is clearly objectionable. It details, as facts, matters, a knowledge of which was derived from third persons; and upon motion by the counsel of the plaintiff, it was the duty of the Court to have excluded that portion of it.

It was error to admit the declarations of the defendant or Roaney. The declarations of a party can never be given in evidence at his own instance, unless they form a part of the *res gestœ*.[a] Here, it is

*1Starkie's Ev. 44, 51, 69, 70.

not pretended, that there is a *res gestæ* to which they can be referred as a constituent part. The declaration of Reaney was equally inadmissible—it was competent to have examined him on the trial.

Let the judgment be reversed and the cause be remanded.

LIPSCOMB C. J. not sitting.